EDWIN H. CONRADES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25622. Promulgated November 6, 1930.

*L. D. Slattery, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

TRUSSELL: The sole question presented is whether the loss detailed in the findings of fact was a " net loss " under section 204 of the Revenue Act of 1921 which defines such losses as those " * * * resulting from a trade or business regularly carried on by the taxpayer * * *. "

The record of this proceeding shows that petitioner was a man of wealth, owning large interests in various corporations directed by him. It further shows that in addition to these investments he had large means which for many years he has used regularly and consistently in making loans at interest, this interest being one of the sources of his yearly income. These loans he made to the corporations in which he was interested, to a corporation owned wholly by his wife, and to various individuals with whom he was closely associated.

The fact that petitioner limited the field of his loans to corporations directed by him and individual associates with whose affairs and financial standing he was familiar, does not alter the fact that in making these loans he was carrying on a personal business distinct from the business carried on by the corporations in question. There is nothing in our opinion peculiar or significant in such limitation. If this field was sufficient for the employment of his capital used for loan purposes it was, as a matter of good business, the best field for such operations. The fact that in making many of these loans he was, in addition to obtaining interest, safeguarding his investments by providing the funds needed by his various corporations, does not, in our opinion, stamp the loan activities as merely an incident of his service as an officer of these various corporations or as merely incident to his ownership of corporate stock. Neither does the fact that the loans on which the loss in question was suffered in 1921 were to his brother-in-law indicate that they were transactions outside of his regular loan activities. It is testified that this debtor, at the time the loans were made, was rated as " almost a millionaire " and subsequently lost his fortune in some business reverses. There is nothing to indicate that these loans were not business transactions made with expectation of their producing income.

The fact that this petitioner in making these loans was carrying on an individual business for profit can not, it is thought, be questioned. In fact, respondent's counsel appears to have expressly con-

ceded this fact at the hearing. The only other question is whether such business was one *regularly* carried on, and as to this it is testified without contradiction that petitioner's loan activities had been carried on regularly in the manner described for many years before and subsequent to 1921 and that in such year his loans aggregated approximately $350,000, which was something less than the average yearly amount. The case of *William J. Robb*, 5 B. T. A. 827, relied on by respondent as a case upon facts similar to those here presented, is not in point. That was a case of a series of isolated transactions, the taxpayer not being engaged in a regular business of making loans, the loss being sustained in the failure of a corporation in which he had made an investment and to which he had loaned money in an effort to put it on its feet. The other cases cited by respondent involve situations substantially similar.

We hold that the loss in question was one sustained in the course of business regularly carried on by petitioner and was accordingly a net loss under section 204 of the Revenue Act of 1921. Cf. *Oscar K. Eysenbach*, 10 B. T. A. 716; *E. M. Elliott*, 15 B. T. A. 494; *Elmore L. Potter*, 18 B. T. A. 549; *Glenn M. Averill*, 20 B. T. A. 1196.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*